Curran, J.
Attorney Gordon N. Schultz sued architect David Cylkowski to collect about $16,000 for legal services allegedly rendered. Mr. Cylkowski counterclaimed that he had performed some architectural services for Schultz and that the value of such work should reduce the legal fee owed. After a bench trial, the Court determined the value of attorney Schultz’s services to be $8,750, and Mr. Cylkowski’s, $1,900.
Attorney Schultz appealed on several grounds: (1) he is aggrieved by the failure to include $102 in costs; (2) he asserts that he is entitled to an additional seven months of pre-judgment interest; (3) he feels he is entitled to an award of over $45,500 in attorneys’ fee to collect his $16,000 fee, as well as a post-trial hearing on such a claim; and finally,
*60 (4) he asserts that the verdict in favor of Mr. Cylkowski’s counterclaim was against the weight of the evidence or otherwise erroneous.
We address each issue seriatim.
(1.) Costs of $102. After trial, the court awarded costs of $196; attorney Schultz now seeks an additional $102 for service costs and recording fees. At oral argument, Mr. Cylkowski waived his opposition to this additional cost.
(2.) Interest Calculation. Attorney Schultz argues that interest on this contractual claim should have been calculated from the date of the breach or demand which was established by the evidence at trial to be July 25,2001, and not March 11,2002, the entry date, as determined by the Clerk. He is correct G.L.C. 231, §6C governs and thus, Schultz is entitled to about seven more months of interest on his $8,750judgment
(3.) Request for a Post-Trial Hearing on Attorneys’ Fees and the Lack of an Attorneys’ Fee Award. Attorney Schultz claims that he is aggrieved by the trial judge’s denial of a post-trial hearing on attorneys’ fees. However, there is no right to such a hearing. See Borne v. Haverhill Golf and Country Club, Inc., 58 Mass. App. 306, 325 (2003). Indeed, among the factors to be considered in assessing an attorney’s fee claim are: the nature of the case (here, a collection case); the issues presented (here, the value of the legal and architectural services rendered); and the results obtained ($8,750 of the claimed $16,000). After nine days of dealing with the parties, the trial judge was likely well familiar with these issues. Attorney Schultz conceded that there is no requirement that a judge conduct an evidentiary hearing to assess counsel fees (though this admission is found in footnote 5 on page 16 of his brief).
Attorney Schultz further claims that an unsigned fee agreement, which called for the imposition of attorneys’ fees in the event of non-payment, controls on this issue. Obviously, there was no meeting of the minds when the defendant did not sign the fee agreement. Had he done so, the attorneys’ fee provision would have been triggered when he failed to pay his bill.
Moreover, the claim of over $45,500 expended in legal services to collect a $16,500 debt is, at best, heavy-handed.
Thus, the denial of a hearing, the attorneys’ fee petition, and the plaintiff’s Rule 59(e) motion to amend the judgment so as to include attorneys’ fees, were all matters well within the discretion of the trial judge and are presumed to be correct, Silverman v. Spiro, 438 Mass. 725 (2003); no convincing argument has been presented otherwise.
(4.) Mr. Cvlkowski’s Counterclaim. There was more than ample evidence that Mr. Cylkowski had performed architectural services to barter his legal fee,[1] and that Schultz was aware of, and accepted, this arrangement. The trial court’s finding that such services were rendered resulted from his implicit determination that Mr. Cylkowski was truthful when he so testified. The Court is entitled to, and did make, a keen credibility determination in this regard. Such a finding will not be disturbed unless it is clearly erroneous; it was not.
For the foregoing reasons, the judgment is amended in two minor respects: (1) the clerical determination of the interest on the judgment should be recalculated from July 25, 2001; and (2) an additional $102 in costs may be added to the judgment; however, in all other respects, the trial judge’s findings are affirmed.
Judgment is to be entered by the trial court clerk consistent with the foregoing.

 Ironically, attorney Schultz argues that there was no written agreement governing Mr. Cylkowski’s architectural services and thus, he is entitled to nothing; conversely, attorney Schultz demands monies for legal services rendered despite the fact that there was no written agreement between the parties on that issue.